### George BAKER, Jr.

v.

### BOARD OF SUPERVISORS OF the TOWNSHIP OF HILLTOWN, Appellant.

Commonwealth Court of Pennsylvania.

Argued Oct. 19, 1995.

Decided Dec. 22, 1995.

2. Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. § 11–1101.

Jack D. Wuerstle, for appellant.

Emory W. Buck, for appellee.

Before SMITH and NEWMAN, JJ., and MIRARCHI, Senior Judge.

NEWMAN, Judge.

The Hilltown Township Board of Supervisors (Board) appeals an order of the Court of Common Pleas of Bucks County (trial court) that granted preliminary approval to George Baker's (Baker) subdivision plan conditioned upon approval by the Pennsylvania Department of Environmental Resources (DER). We affirm.

Baker owns 11.589 acres fronting on Route 113 in Hilltown Township (Township), Bucks County, Pennsylvania. On or about August 5, 1988, Baker submitted an application for a proposed subdivision plan for eight residential lots and requested that the Township amend its Act 537 Sewage Facilities Plan[1] to extend public sewers to serve his proposed subdivision. On June 26, 1989, the Township denied Baker's preliminary subdivision plan. The denial was based on six specific grounds. Of the six original grounds for denial of the preliminary subdivision application, five were resolved within a relatively short time. Both parties agree that the only unresolved issue regarding the preliminary subdivision request is that of sewer service to the property.

After receiving the Board's decision, Baker filed a land use appeal to the trial court. Baker also submitted a private request to DER for an order revising the Township's official Act 537 plan pursuant to Section 5(b) of the Act, 35 P.S. § 750.5(b). That private request is still pending before DER.

On February 16, 1990, the trial court remanded the land use appeal to the Township with directions that it take no further action until DER acts upon Baker's private Act 537 request. Baker then filed a motion for a conference on the issue of the requisite DER approval. After the conference, the trial court ordered that the parties submit letter briefs.

On February 28, 1995, the trial court vacated its February 16, 1990 order and granted Baker's preliminary subdivision approval conditioned upon: (1) approval by DER of Baker's private Act 537 request for sanitary sewer extension to the tract; and (2) the

---

1. The Township's Act 537 Sewage Facilities Plan was enacted under the authority of Section 1 of the Pennsylvania Sewage Facilities Act (Act), Act of January 24, 1966, P.L.1535, *as amended*, 35 P.S. § 750.1, which provides for planning and regulation of community and individual sewage systems.

availability of public water and sewer service to Baker's tract. The Township appeals that order to this court.

■ On appeal to this court,[2] the sole issue is whether preliminary subdivision approval may be granted prior to approval of a private Act 537 request by DER.

Pursuant to its statutory authority, DER has promulgated regulations that address sewage facilities, 25 Pa.Code §§ 71.1–75.563. The Township argues that the DER regulations do not mandate that a municipality approve a subdivision plan before DER can act on a private request to revise an official plan. We disagree. Specifically, 25 Pa.Code § 71.14 provides:

No private request to revise an official plan because of the subdivision of land will be considered by the Department *unless the subdivision has received prior approval* under municipal or county planning codes being implemented through Article VI of the Pennsylvania Municipalities Planning Code. (53 P.S. § 10601–10619). [Emphasis added.]

In addition, Section 5 of the Act, 35 P.S. § 750.5, states:

Any person who is a resident or legal or equitable property owner in a municipality may file a private request with the department requesting that the department order the municipality to revise its official plan if the resident or property owner can show that the official plan is not being implemented or is inadequate to meet the resident's or property owner's sewage disposal needs. *This request may be made only after a prior written demand upon and written refusal by the municipality to so implement or revise its official plan....* [Emphasis added.]

Here, DER will not consider Baker's request to revise the Township's official plan unless the subdivision plan has received approval from the Township. 25 Pa.Code § 71.14. However, the Township has refused

to grant approval of the subdivision plan solely because the property has no sewer service. This places Baker in a "catch–22" situation. The Township has essentially granted approval of all outstanding elements of the subdivision application except the sewer service. Clearly, DER may review Township's denial of a request to revise its official plan under Section 750.5(b). Had the Township revised its official plan as Baker requested, it would have approved the subdivision application.

The Township argues that before it grants approval of a subdivision project, it has the right to know that existing sewage collection and treatment systems have sufficient capacity, or that adequate alternative treatment sources exist. The Township incorrectly relies upon *Carroll Township Board of Supervisors v. Department of Environmental Resources,* 166 Pa.Cmwlth. 562, 646 A.2d 738 (1994) for this proposition.

The Carroll Township Board of Supervisors appealed an Order of the Environmental Hearing Board that dismissed the township's appeal from an order of DER that required the township to adopt certain ordinances concerning sewage facilities planning. The township appealed specifically on the issue of whether it had the authority to approve subdivisions without sewer module approval.

In *Carroll,* the township argued that the municipality need not concern itself with sewage facilities until such time as the actual building is proposed upon the approved subdivision. The Court held in *Carroll* that DER is authorized to order Carroll Township to enact an ordinance that prohibits the granting of *final* subdivision approvals and the issuance of building permits before DER has approved a revised sewage facilities plan or determined that such plan is unnecessary.

Here, Baker is seeking only *preliminary* approval of his subdivision plan conditioned upon receiving the approval of DER for a sewer extension and subject further to the

---

2. This court's scope of review is limited to determining whether the trial court abused its discretion or committed an error of law. *Cherry Valley*

*Associates v. Stroud Township Board of Supervisors,* 123 Pa.Cmwlth. 260, 554 A.2d 149 (1989).

availability of public sewer service and public water service from the municipality prior to *final* subdivision approval. Therefore, the trial court did not abuse its discretion or commit an error of law in granting Baker *preliminary approval* of his subdivision plan.

Accordingly, we affirm the order of the trial court.

*ORDER*

AND NOW, December 22, 1995, we affirm the order of the Bucks County Court of Common Pleas.